**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Guillermo J. Ortiz, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Costco Wholesale Corporation<br><br>Defendant | **Civil No.**<br><br>**CLASS ACTION**<br><br>**Jury trial demanded** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, the plaintiff**, individually and on behalf of all others similarly situated represented by the undersigned counsel, and respectfully STATE, AVER and PRAY as follows:

## INTRODUCTION

1. This class action arises from Costco Wholesale Corporation ("Costco") plan to retain profits to include interests, for its own benefit and that of its stockholders, generated by obtaining a reimbursement of monies paid for tariffs and interest as a result of the Trump Administration International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq*. .
2. Costco systematically and directly since 2025 passed on the costs of IEEPA tariffs on imported products and goods to its Puerto Rico Costco members, by increasing prices on imported goods and products subject to IEEPA tariffs. Costco is now trying to obtain for its own benefit and its stockholders the paid IEEPA tariffs and corresponding interest

without compensating the Puerto Rico Costco members who actually paid for them. Allowing Costco to proceed in this fashion will result in an unjust enrichment for Costco in detriment and impoverishment of its Puerto Rico members ("Costco Members") who actually paid the IEEPA tariffs by paying higher prices for imported goods bought at Costco establishments and ecommerce sites in the Commonwealth of Puerto Rico commencing in 2025.

3. This dispute is born from Costco's company leadership statements and proposed actions regarding the IEEPA tariff refund process to be obtained and that Costco acknowledges is owed to all of its members. Costco has made no mention of also having to pay the interest income to its members that it will receive as part of the IEEPA tariff refund process.

4. Costco as the importer of record, is the only party that has a cause of action to be able to recover a refund from the U.S. Government for improperly assessed unlawful IEEPA tariffs on products and goods it imported and then sold for a profit.

5. Although Costco, as the importer of record fronted the cost of the tariff, it is the Puerto Rico customer who actually paid the cost of the IEEPA tariffs regarding imported goods when Costco increased prices on imported goods since 2025, and sold imported goods and products at higher prices to its Puerto Rico members.

6. Costco increased prices of imported products and goods, passing the IEEPA tariff cost directly to its Puerto Rico members who purchased imported goods at Costco since 2025. It is the Puerto Rico Costco members that purchased products during the period described in this complaint, the true party who bore the full effect and cost of the unlawful IEEPA tariffs that now Costco wants to use for its own benefit and that of its stockholders.

7. Another class action regarding Costco's actions was recently presented on March 11, 2026,

in the case of Matthew Stockov, individually and on behalf of all others similarly situated v. Costco Wholesale Corporation, United States District Northern District of Illinois, Matthew Stockov, plaintiff, et al. v. Costco Wholesale Corporation, 26 cv 02734. The Costco Members of Puerto Rico are not included in said action. The legal remedy that plaintiff and the proposed class seeks in this case is also different from the ones presented in the Stockov case.

8. The Puerto Rico Costco members who purchased imported goods at Costco since the date Costco increased prices to compensate for the IEEPA tariffs are the injured parties in this complaint. Said Puerto Rico Costco members possess no direct avenue for redress. The Puerto Rico Costco members described as the class, bore the full economic burden of these IEEPA tariffs that Costco now wants to obtain for its own economic benefit and that of its shareholders.

9. The Puerto Rico Costco members possess no statutory cause of action in the Court of International Trade ("CIT") to seek a reimbursement of tariffs, since only the importer of record, Costco, has standing to seek a refund of the IEEPA tariffs.

10. As per legal action filed by Costco before the United States Court of International trade on November 28, 2025, Case No. 25-00316, Costco Wholesale Corporation v. U.S. Customs and Border Protection, et al., Costco is attempting to obtain for its own benefit all tariffs paid plus interest, even though it was the Costco customers – the Costco members – who actually paid the IEEPA tariffs, when each member was charged hire prices for Costco imported goods and products.

11. When Costco obtains its IEEPA tariffs refund plus the payment of interest, as per the process to be approved by the United States Court of International Trade and implemented

by U.S. Customs and Border Protection Agency ("CBP"), Costco will not be obligated to reimburse its member who actually paid the tariffs nor pay the corresponding interest payments.

12. This class action lawsuit seeks to prevent Costco, one the largest retailers in Puerto Rico and the World, from enriching itself unlawfully at the cost of its Puerto Rico members who paid for the IEEPA tariffs.

13. Costco has promised to compensate members on <u>future sales</u>, ignoring that the members who actually paid the IEEPA tariffs are the ones entitled to receive compensation plus interest.

14. Plaintiff individually and as a representative of the entire class of Costco Members who paid products and goods subject to IEEPA tariffs, seeks a judgment that Costco is obligated to return to Plaintiff and proposed Class Members all IEEPA tariff payments passed and paid by members plus corresponding interest payments. A denial of this request would result in an unjust enrichment that would only benefit Costco and its shareholders, to the detriment of all of its Puerto Rico Costco members who actually paid for goods and products with IEEPA tariffs.

15. Plaintiff and the proposed class are entitled to restitution of the IEEPA tariffs they paid, or a proportionate share of any tariff refunds Costco finally recovers taking into consideration its Puerto Rico Members and sales in Puerto Rico of imported goods subject to the IEEPA tariffs during the period of this claim. Puerto Rico Costco Members who actually paid the IEEPA tariffs on imported goods and products are also entitled to interest, reasonable attorneys' fees, and costs regarding this action.

## I. THE PARTIES

16. Plaintiff Guillermo J. Ortiz is of legal age, married, a business person and domiciled in Puerto Rico.

17. Mr. Ortiz is a Costco member domiciled in Puerto Rico. Within the Class Period, Mr. Ortiz purchased from Costco in Puerto Rico a number of imported goods and products subject to the IEEPA tariffs, at prices inflated by Costco to cover the cost of the IEEPA tariffs.

18. Defendant Costco is a Washington corporation, publicly traded under the symbol "COST," with its principal place of business located in the State of Washington. Costco is duly registered as a foreign corporation in Puerto Rico. Costco is the owner of and operates three Wholesale warehouses in the Commonwealth of Puerto Rico.

## II. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because the proposed Class contains more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, and Mr. Ortiz and at least one proposed Class Member are citizens of and domiciled in Puerto Rico. Complete diversity of citizenship exists from the members of the proposed class and Costco.

20. This Court has personal jurisdiction over Costco because it conducts continuous business in the Commonwealth of Puerto Rico, including the operation of three warehouse stores across Puerto Rico. It is registered as a foreign corporation in the Puerto Rico Department of State. Costco ships goods into Puerto Rico for sale at its warehouse stores on a continuous basis, and conducts retail and ecommerce business in this district.

21. It is Costco the company that ultimately enjoys all profits generated from all of its business activities conducted in the Commonwealth of Puerto Rico, to include all the profits

generated from the sale of goods and products subject to .

22. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

**Costco's Puerto Rico Business**

23. Costco, operates in Puerto Rico three membership warehouses that serve thousands of customers. Costco is registered in Puerto Rico as a foreign corporation.

24. Since before 2015, Costco sells a great quantity of imported products and goods, including food and food products, appliances, hardware, wine, champagne, sporting goods, clothing, housewares, health and beauty products, furniture, and electronic equipment, Kirkland private label goods and products from each of its Puerto Rico warehouse stores, through digitally supported mechanisms and via on line ecommerce sales.

25. It is Costco the entity that ultimately sets prices for its imported goods and products sold subject to IEEPA tariffs and receives the profit for all sales of imported products and goods sold in Puerto Rico to its members.

26. Even before the IEEPA tariffs were unlawfully imposed on imported goods and products and prices increased by Costco to cover the cost of the IEEPA tariffs, Costco members obtained and paid for a membership in order to be able to purchase goods and products from Costco.

27. It is reasonably estimated that Costco has more than 40 Million members. By information and belief, thousands of members are domiciled in the Puerto Rico market and are frequent clients at the Puerto Rico Costco locations. Paid memberships is considered Costco's primary revenue and loyalty metric in the United States, to include Puerto Rico. It is Costco the entity that knows the exact number of Puerto Rico domiciled Costco members.

28. In fiscal year 2025, (ending August 31, 2025), Costco enjoyed net sales in excess of **$269 billion Dollars**. As a comparison statistic, in Fiscal year 2024 (ending September 1, 2024) Costco net sales were in excess of **$249 billion Dollars**. By information and belief, on average, **any one** Costco warehouse location has net sales in excess of $**260 million dollars per year**. Costco entered the Puerto Rico market since the month of September, of the year 2000. Thousands of members visit and purchase goods and products at its warehouse stores in Puerto Rico frequently.

29. Puerto Rico has **three** Costco owned and operated warehouses located in Caguas, Bayamon and Carolina. **Costco Net sales** in the Puerto Rico market alone, by information and belief, are in excess of **$700 million per year**.

**The IEEPA Tariffs**

30. Since February 2025, The President of the United States issued a number of executive orders to impose tariffs on goods and products imported from foreign countries. President Trump imposed tariffs claiming a national emergency. The IEEPA tariffs also affected the goods and products imported by Costco and sold to its members in Puerto Rico.

31. On February 20, 2026, during the October term, on a case argued on November 5, 2025 and eventually decided via Certiorari on February 20, 2026, the Supreme Court of the United States invalidated all IEEPA tariffs imposed by the President of the United States. *Learning Resources, Inc., et. al. v. Trump,* President of the United States, et. al..

32. On February 22, 2026, U.S. Customs and Border Protection ("CBP") issued CSMS #67834313, announcing that it will halt collection of all tariffs imposed pursuant to IEEPA. The termination of IEEPA tariffs took effect at 12:00 a.m. ET on February 24, 2026.

33. CBP has been ordered to provide a method of repayment of tariffs. However, said plan

has not been finalized as of March 17, 2026.

**Costco and the IEEPA Tariffs**

34. Costco is a major importer of consumer goods into the United States, and one of the largest retailers in the World catering to consumers and small businesses who acquire memberships.

35. Roughly a third of Costco's U.S. sales, to include sales in the Puerto Rico market, are of imported goods and products. Product and goods from China account for about eight percent of Costco's sales. Costco also imports from many other countries to include Canada, Mexico, India, Italy, France, United Kingdom, etc.

36. Throughout the Class period, Costco paid IEEPA tariffs to U.S. Customs for imported goods and products. Costco passed the bulk of the tariff costs to its members during the period described in this complaint by charging higher prices on the imported goods and products.

37. By information and belief, Costco due to the IEEPA tariffs, did not suffer any significant economic injuries in 2025 nor 2026 to date. To the contrary, Gary Millerchip, the Costco Chief Financial Officer recently reported that during the Q2 2026 Earnings call, Costco net sales for February 2026 where $21,690,000,000, "an increase of 9.5% from $19,810,000,000 last year" (Q2 2025). At no time during the financial call did Mr. Millerchip complain that IEEPA tariffs paid on imported goods had negatively impacted Costco sales.

38. By information and belief, Costco was able to expand net profits during the peak of the IEEPA tariff regime by raising prices on imported products and goods to the detriment of its members, to include its Puerto Rico members. It was the Costco members who

purchased from Costco imported goods affected by IEEPA tariffs when they bought said products and goods at inflated prices.

39. In May 2025 Mr. Millerchip claimed that raising prices on the imported goods was "always seen as the last resort". Price increases on imported goods were rapidly established so that Costco did not have to absorb the cost of the IEEPA tariffs, thus passing the IEEPA tariffs directly to its members.

40. Costco's price increases on imported items since 2025 to date have been corroborated by plaintiff and other Puerto Rico Costco members.

41. Even after the tariffs were declared unlawful by the Supreme Court of the United States, Costco has been slow to act to decrease imported goods and product prices they no longer are required consider in products and goods.

**Costco's Court of International Trade Lawsuit**

42. On November 28, 2025, Costco filed a complaint in the United States Court of International Trade. <u>Costco Wholesale Corp. v. U.S. Customs & Border Prot.,</u> No. 25-cv-00316 (Ct. Int'l Trade Nov. 28, 2025).

43. In said complaint, Costco as plaintiff averred that it is Costco, as the importer of record, the entity responsible for the payment of IEEPA tariffs on the imported goods and further averred that tariffs imposed under the authority of the IEEPA "begin to become liquidated as early as December 15, 2025", and thus the reason for the legal action filed.

44. On December 3, 2025, Costco's lawsuit was consolidated with other importers also seeking IEEPA tariff refunds. See <u>AGS Company Automotive Solutions v. United States Customs and Border Protection,</u> 25-cv-00255, (Ct. Intl. Trade).

45. On December 23, 2025, the Court of International Trade issued an order staying the consolidated cases pending the Supreme Court's resolution of the IEEPA tariffs. On February 20, 2026 the Supreme Court decided that tariffs were unlawful.

46. In the wake of the Supreme Court's decision in Learning Resources, ante, Costco and nearly 2,000 other importers have filed complaints to recover IEEPA tariff refunds plus interest payments.

47. Importers of record like Costco, have demanded and will eventually be obtaining IEEPA tariff refunds and interest payments from CBP. It is a matter of when the payment will be received.

48. On March 4, 2026, the Court of International Trade ordered refunds of IEEPA tariffs, holding that "[a]ll importers of record" are "entitled to the benefit" of the Supreme Court ruling that struck down the IEEPA tariffs. Atmus Filtration, Inc. v. United States, No. 26-01259. The exact manner in which refunds will be issued has not been finalized by CBP and may affect negatively smaller importers.

49. When Costco successfully obtains a refund of the unlawful tariffs paid plus interest payment, unless Mr. Ortiz and the proposed class of Costco Puerto Rico members are protected in this action, Costco will be enriched at the detriment of the plaintiff and the proposed class.

50. By information and belief, Costco is bound to receive billions of dollars in tariff refunds and interest payments as the importer of records. Costco to this date has not made public the amount of money it is claiming to be owed for IEEPA tariffs refunds nor the interest payments it expects to receive when it is reimbursed.

51. By information and belief, in excess of $20 Million dollars to be reimbursed for IEEPA

tariffs plus interests to Costco, are directly related to the Costco Puerto Rico sales of imported goods paid by plaintiff and the other members of the proposed class during the claim period. Costco knows the exact number of IEEPA tariffs payment it is owed by CBP, but even more importantly, the Costo Members and the amount each Costco member is owed, plus interest for Puerto Rico market sales, since all sales and which customers in Puerto Rico made the purchases are business records meticulously kept by Costco.

52. On March 5, 2026, the President and Chief Executive officer for Costco, Ron Vachris, manifested that "tariffs" are of great interest to its **shareholders and its customers.** Why would tariffs be of interest to Costco shareholders? Costco receiving the benefit of the IEEPA tariffs and the corresponding interest payments would result in economic prosperity for the benefit of the company and its shareholders.

53. Mr. Vachris also recently manifested regarding IEEPA tariff refunds that it is not clear what the process will be, what refunds, if any, will be received, and when will this will happen. He explained the complexity of tariffs "including of "layering of different tariffs on top of each other" and "multiple changes in rates throughout the year". However, Costco set the inflated prices of imported goods. It is Costco the only entity that knows the exact price increases on imported goods it sold to its members due to IEEPA tariffs. Costco knows who each of the Costco members who paid for imported goods since 2025 till the present day.

54. Mr. Vachris further stated that "as we have done in the past, when legal challenges have recovered charges passed in some form to our members, "our commitment will be to find **<u>the best way</u>** to return value to our members **<u>through lower prices and better values.</u>** We will be transparent in how we plan to do this if and when we receive any refunds."

55. Returning value “through lower prices and better values” to future Costco members, to include Costco members in Puerto Rico is not the “best way” to reimburse the customers that actually paid the tariffs nor a proper and just restitution owed to the Puerto Rico members who actually paid the IEEPA tariffs when they paid higher prices for the imported goods.

56. In planning to offer **lower prices and better values** on future sales as a way of restitution, Costco does not take into account the members who actually suffered the economic loss when they paid higher prices for the imported goods. The commitment to benefit members on future purchases by them by offering lower prices and better values ignores the actual economic harm suffered by the Members who actually paid the unlawful costs of the IEEPA tariffs.

57. The real effect that “**lower prices and better values on future sales”** will have is for Costco’s benefit, since increased sales volume for Costco will benefit the company profits and its stockholders. The Costco member who actually paid the cost of the IEEPA tariffs, will receive no economic benefit for their past economic burdens related to the paid IEEPA tariffs.

58. Costco, since it was the one who set prices for imported goods and products and who have a record of all member purchases, sales, etc., to include members in Puerto Rico that paid imported goods with IEEPA tariffs, should honor their business promises “to find the best way to return value to our members”, that is actual payments or credits to the Costco members **that actually paid** IEEPA tariffs.

59. A commitment to benefit future Costco Member on future purchases, has as a result a further increase in Costco sales and net profits that will only benefit Costco and its

shareholders. Future members may also benefit from lower prices. However, future members suffered no loss due to the IEEPA tariffs on imported goods. Costco and its shareholders are being enriched at the expense of the Costco Members who paid the IEEPA tariffs.

**CLASS ACTION ALLEGATIONS**

60. Plaintiff brings this action on behalf of himself and the proposed class pursuant to Federal Rules of Civil Procedure 23(b)(2), (b)(3), and (c)(4) on behalf of the following proposed Class:

    a. **Proposed Class:** All Puerto Rico Costco members (individuals and business entities) that purchased imported goods and products subject to IEEPA tariffs from Costco in Puerto Rico, during the period February 1, 2025 through February 24, 2026.

61. Excluded from the Classes are: (a) Defendant; (b) subsidiaries and affiliates of Defendant; (c) any person or entity who is an officer, director, employee, or controlling person of Defendant; (d) any entity in which Defendant has a controlling interest; (e) the legal representatives, heirs, successors, and assigns of any excluded party; and (f) any judicial officer presiding over this action, the members of his or her immediate family and staff, and any juror assigned to this action.

62. **Numerosity.** The Members of the Class are so numerous that joinder of all Members is impracticable. Costco operates three locations in Puerto Rico, which serves thousands of customers. Costco has the specific information of members and their qualifications to become a class member. Costco sold millions dollars of imported goods and products each year subject to IEEPA tariffs in Puerto Rico, and upon information and belief. There are f

thousands of Costco members in the proposed Class.

63. **Typicality.** Plaintiff's claims are typical of the claims of the Members of the Class. Throughout the Class Period, Mr. Ortiz purchased from Costco a number of imported goods subject to IEEPA tariffs and paid increased prices on various products and goods to include on electronics, food products, household items, appliances, liquor, health and hygiene products imported from countries subject to IEEPA tariffs. Plaintiff and all Puerto Rico proposed class members have been economically injured as result of paying an unfairly elevated price to Costco in Puerto Rico for imported goods subject to IEEPA tariffs and not being reimbursed IEEPA tariff charges nor the corresponding interest.

64. **Adequacy.** Plaintiff will fairly and adequately protect and represent the interests of the proposed class and has retained counsel competent and experienced in class action litigation. Plaintiff is committed to the vigorous prosecution of this action and has no interests that are adverse or antagonistic to the Class.

65. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of the Class claim. The damages suffered by individual Members of the proposed Class are relatively small compared to the burden of individual prosecution and complex litigation required to recover from Costco unlawful IEEPA tariff payments. It would be impractical for most, if not all, Class Members to seek relief on an individual basis. Furthermore, individual litigation could result in thousands of individual lawsuits, introducing the risk of inconsistent judgments and increasing the delay and expense to all parties. In contrast, a class action would present far fewer administrative difficulties and better management of the claim process even for Costco, since it is Costco the entity that has all the information of the product and goods costs of IEEPA tariffs, the information on

the actual members that paid the IEEPA tariff, information regarding interests owed as well. Costco has the totality of the information regarding the money owed to each Puerto Rico Costco Member. The Members of the Class are identifiable and ascertainable through methods typical of class action practice and procedure, including through Costco's own information and business records and activities in Puerto Rico. Costco links every purchase of products in Puerto Rico to a member account and maintains a complete transactional record. Costo also has the specifics regarding IEEPA tariffs since it was Costco who set the actual product and good prices that Puerto Rico Costco members paid.

66. **Predominance of Common Questions of Law and Fact.** Numerous questions of law and fact are common to Plaintiff and all Members of the proposed Class. These common questions will result in common answers for all Class Members that will impact the resolution of the claims on grounds equally applicable to all Class Members in a managed and orderly way. These common questions, which predominate over any questions affecting only individual Class Members, include, but are not limited to:

a. Whether the higher prices that class members paid for Costco's products are attributable to the cost of IEEPA tariffs or other actions caused by Costco or suppliers;

b. Whether Costco is obligated to return IEEPA duties to the Costco members who paid them;

c. Whether Costco's retention of IEEPA tariff refunds plus interest payments constitutes unjust enrichment under Puerto Rico jurisprudence;

d. Whether Costco is acting unfairly and arbitrarily by retaining for its benefit and that of its stockholders IEEPA tariff refunds plus interest, with the excuse of a benefit

for members on future sales and lower prices;

e. Whether Costco's conduct constitutes an unfair business practice and/or unjust enrichment at the expense of the Costco members who paid for imported goods;

f. Whether Costco's conduct in Puerto Rico of retaining IEEPA tariffs refunds and interest payments will harmed Plaintiff and the proposed Class uniformly;

g. The measure of damages available to Plaintiff and the Class in Puerto Rico due to increased prices on imported goods and products; and

h. Whether the restitution to Mr. Ortiz and Costco class members is an appropriate measure of relief, and if so, the appropriate amount and the interest payment actually owed to the Costco class members.

i. Whether any restitution of the IEEPA tariffs payment should include the payment of interests, the amount owed in interest payments and the time frame for such payment by Costco.

67. **Rule 23(b)(2) Class Certification.** Costco has acted in a manner that applies generally to the proposed Class described in this complaint, making both declaratory and injunctive relief appropriate with respect to the proposed Class as a whole. Costco's decision to raise prices on goods subject to IEEPA duties, and then seek a refund from the government without committing to establish any fair member refund mechanism to favor the Costco members who actually paid the IEEPA duties warrants class-wide declaratory and injunctive relief.

## III. CAUSES OF ACTION

### Count I: Violation of State Consumer Fraud Statutes

68. Plaintiff incorporates the foregoing allegations in this complaint as if fully set forth herein.

69. Costco engaged in unfair and deceptive trade practices in Puerto Rico by:

a. charging members during the period covered in this complaint prices for imported goods and products while representing to its members that it would only raise prices to cover IEEPA tariffs as a last resort, as manifested by Mr. Gary Millerchip in May 2025. Upon information and belief, Puerto Rico Costco members relied on Costco's leadership representations in their decisions by Mr. Millerchip and others to continue purchasing from Costco during the Class Period imported goods. Plaintiff Mr. Ortiz and hundreds of other class members were aware of Costco's public representations regarding Costco's commitment to low pricing and relied on Costco's pricing policies of low prices in making purchases of imported goods from Costco during the Class Period.

b. failing to disclose to its Puerto Rico members that it did not intend to share with members who actually paid the IEEPA tariffs the reimbursement of monies paid. Costco possessed superior and exclusive knowledge that (i) it was simultaneously raising prices on tariffed goods while (ii) it had filed a lawsuit before the Court of International Trade on November 28, 2025, seeking a full refund of those same tariff costs plus interest payments. Costco's members had no reasonable means to know that Costco was pursuing a government refund for costs it was actively passing through to its Puerto Rico members via higher imported product and goods prices. This information was material: a reasonable consumer would not have paid tariff-inflated prices knowing Costco intended to seek a government refund and keep said refund for the benefit of Costco, its officers and its shareholders; and

c. engaging in conduct that is independently unfair since obtaining a refund for money

paid by its members will unjustly enrich Costco, its officers and its shareholders to the detriment of the Costco members who paid the cost of the IEEPA tariffs .

70. Plaintiff and the proposed class were damaged as a proximate result of Costco's unfair and deceptive practices, in an amount equal to the actual tariff cost component embedded in the elevated prices they paid, plus the amount of interest of said money until full restitution is made. Costco knows the exact amount of money it paid for the IEEPA tariffs. That amount of money is the exact amount Costco should reimburse its Puerto Rico members who actually paid the IEEPA tariffs. Costco also owes the exact amount of money it will receive on interest payments to each of its Puerto Rico Costco members that paid the IEEPA tariffs. Keeping the money and interest for its own benefit is simply unjust.

71. By engaging in a conduct to retain money paid by its Puerto Rico Costco members, and not paying interest payments they are claiming to be owed, Costco has engaged in unfair competition or unfair and/or deceptive acts in violation of Puerto Rico unfair and deceptive trade practices and consumer protection statutes.

72. Plaintiff and the proposed class of members are entitled to actual damages, injunctive relief, attorneys' fees, and such other relief as the Court deems appropriate.

**Count II: QUASI CONTRACT / UNJUST ENRICHMENT (On Behalf of Plaintiff and the Classes)**

73. Plaintiff incorporates the foregoing allegations in this complaint as if fully set forth herein.

74. Plaintiff and the proposed class conferred a benefit to Costco in the form of the payment of inflated prices on imported goods subject to the IEEPA tariffs. Costco net sales continued to increase during the entire period. Costco suffered no economic harm due to IEEPA tariffs. The Costco members did suffer economic harm.

75. Costco is demanding from the CBP the payment of the same IEEPA tariffs it collected from its Puerto Rico members, plus interest. Payment of IEEPA tariffs to Costco plus interest payments will only result in a benefit to Costco, its officers and its shareholders.

76. Costo has taken no steps to date to ensure that the Puerto Rico members who actually paid the cost of the IEEPA tariffs be fairly reimbursed and/or compensated for the unlawful IEEPA tariffs, opting instead to claim a future benefit for members, to include future members, on future sales. Actual Costco members who paid the IEEPA tariffs are not being compensated for their economic loss. Costco's lack of action or plan to compensate the members who actually paid the tariffs on imported goods only benefits Costco, its officers and its shareholders.

77. Articles 2, 5 and 6. P.R. Laws Ann. tit. 31, §§ 5312, 5315, 5316 (2020) are applicable to the controversy brought before this honorable court in this class action. Under the Puerto Rico Civil Code of 2020, equity is still applicable, and an unjust enrichment claim as requested by plaintiff and the class should be granted since all requisites for such a claim are met.

78. As per the Supreme Court of Puerto Rico, a claim for unjust enrichment consists of five (5) elements: "(1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." See Montalvo v. LT's Benjamin Records, Inc., 56 F. Supp. 3rd 121, 136 (D.P.R . 2014) (quoting Hatton v. Municipality of Ponce 134 D.P.R. 1001 (1994)

79. Under the circumstances detailed in this Complaint, equity requires that Costco pay Plaintiff and the proposed Class a reimbursement of all IEEPA tariff costs passed through

to customers that they will receive from the CBP, plus the applicable the portion of interests that Costco may recover based on its Puerto Rico business. If no agreement can be reached, a jury should decide what the total compensation is. No valid reason exists for defendant Costco and its shareholders to be enriched at the continued expense and economic detriment of plaintiff and the proposed Puerto Rico Class.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and the proposed Puerto Rico class respectfully request that this Court enter judgment in their favor and against the Defendant:

A. Determining that this action may be maintained as a class action under Federal Rule of Civil Procedure 23 and direct that notice of this action be given to Members of the Class, at the expense of Costco;

B. Enter an order declaring that Costco's actions as to the proposed class violate Puerto Rico Civil Code and jurisprudence for unjust enrichment;

C. Award Plaintiff and the Class damages or restitution in the amount to be determined at trial by jury;

D. Enter a declaration that Costco is obligated to return to Plaintiff and proposed Class Members all IEEPA duties paid by them with interest payments as well;

E. Award prejudgment and post-judgment interest;

F. Award Plaintiff reasonable attorneys' fees and costs; and

G. Grant such other any other equitable relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** in this 18th day of March 2026.

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI, PSC**
1647 Adams St., Summit Hills
San Juan, Puerto Rico 00920
Tel. (787) 792-8644
*S/Julián R. Rivera-Aspinall*
Julián R. Rivera-Aspinall
USDC PR NO. 208506
Email: aspinall@ragflaw.com

*S/Eduardo R. Jenks*
Eduardo R. Jenks
USDC PR NO. 300110
Email: edjenks@yahoo.com

**COLON RAMIREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Telephone: 888-223-2364
Fax: 787-425-4731
*/s/ Francisco E. Colón-Ramírez*
Francisco E. Colón-Ramírez, Esq.
USDC-PR No.: 210510
fecolon@colonramirez.com

**/s/ Luis Martinez-Llorens**
Luis Martinez Llorens, Esq.
USDC PR No. 211509

LUIS MARTINEZ-LLORENS LAW OFFICES, P.S.C.

VIG Tower 1225 Ponce de León Avenue

Suite 1406 San Juan, PR 00907

Tel.: (787) 725-1012

Fax.: (787) 725-1082

E-mail: lmartinez@lmlawpr.com